Good morning to the panel. I think the threshold issue is whether the court has jurisdiction to hear this appeal. We think that the court has the inherent power to hear this appeal and we recognize, and the court may understand in our briefing, that we ultimately did petition or move the district court for relief to enter a judgment and the district court declined to do so on the grounds that the matter was on appeal, the substantive matter was on appeal, not whether or not a judgment should be entered was on appeal. The magistrate judge just didn't give us an awful lot of relief. What relief are you referring to exactly? To perfect the entry of the judgment in the lower court. The order that he signed is... We felt that it was appealable. But there was an argument from my honorable opponent that it is a jurisdictional matter. If I can go on to the substance. I've been practicing maritime law for 41 years. I have noticed that there is coming now a wave of conflict, of discrimination throughout the country. The Alaska trade coming out of Seattle, the Great Lakes trade coming out of Buffalo and Detroit, certainly the fishing trade coming out of Louisiana and Texas. More and more minorities are not only moving into position, but they're moving into position, they don't speak English very well, their customs are very different. In many instances they are seen as the enemy, especially people from the Middle East. Let me ask you this. I take your point that your clients believe they have been discriminated against because of their ethnicity. The problem is they say you've sued the wrong party, you should have sued the United States. You're not without a remedy, you just sued the wrong people. That is absolutely incorrect. And that's where I was going, Your Honor. Where I was going was this. The Suits and Admiralty Act only allows people in the front door to plead cases in admiralty, a.k.a. maritime jurisdiction. And what this appeal is all about, and why I started out talking about the men and women that are working throughout the country who are a minority, is that, as we have argued, there is no room, there is no facility, there is no mechanism within maritime law to address the sort of discriminatory conduct that is routinely addressed under the 1964, the 1991 Civil Rights Acts. And as was shown in Hodovick, which is a Washington State case, but I think it's a classic example, the court had to torture itself to try to come to terms with how to fit in her sexual harassment claim inside of the Jones Act, couldn't do it. The age discrimination claims that are brought from time to time are not inside traditional concepts of maritime law. When my opposite number argues that it comes under the wage claim statutes or what have you like that, the United States is reverse engineering. Mr. Rogers is reverse engineering. They're saying, well, you're looking for damages, and there's a connection with the sea, and therefore it's admiralty. That is not. That is not the case. And in Hodovick it talks about it. There's another case that was cited where the proponent didn't even plead admiralty law. They just went straight for the civil rights law. And the interesting thing is, is that because it was a private party, that proceeding was allowed to proceed, go forward. But if they had sued the United States on a public vessel, they couldn't have done it under the 1964 Act. According to the United States' reasoning, they would have had to do it under the Suits and Admiralty Act, the clarification clause, which has no room for the cause of action. So we have seen between 1916 and 1960 the three acts that were modified or enacted and then clarified, that admiralty law, God bless it, is slow to move. And we have also seen that there have been times in our history, jurisprudence history, where there has been a failure to catch up, and the courts have allowed the action to go forward and lift it up to Congress. What the lower court did, what the trial court did here, what was done in the two and it's the perfect example, the main cases that the United States relies upon are unpublished district court cases that didn't consider these issues virtually at all. It's just throwaway clauses. There is no stare decisis. I'm still at a loss to understand why you can't get the relief you want if you had sued the United States. In order to have sued the United States, because it involved a public vessel, let's stick with the fellow that was on the boat and terminated and taken off. The only way that we could have gone there is to go through the Suits and Admiralty Act. Right. It doesn't have any way to plead a cause of action for what happened to Abdul-Halim. Isn't the gist of this any action you could have brought against a private person if the vessel is owned by the United States, you have to sue the United States? No. No. No, that's not the law. The law is any cause of action sounding an Admiralty or Maritime law that you have against a private party you have against the United States. Okay. So it's got to be Admiralty or Maritime in order to get inside the SAA. This guy is a crewman on a ship. Yes. He's aboard the ship. The ship's in navigable waters. Yes. It's the captain who calls him to the bridge or wherever he's told to get off the ship. Yes. Why doesn't he have a Maritime claim there? Well, he doesn't have a claim for negligence because the Jones Act is only for negligence, and what we've just described is not negligence. He doesn't have a claim for unseaworthiness. The captain isn't incompetent in what he's doing. Let's talk about what he does have a claim for. Why doesn't he have a claim for wrongful termination or discrimination or whatever he has? Because there is no cause of action inside Maritime law, Admiralty law, if you will, for discrimination, and there's only a very, very narrow exception for discharge, wrongful discharge. It's retaliatory or it's violating one statute, which says that you can't go to sea when you're endangering people because there's no lifeboats or the lifeboats are defective. Are we in the unusual situation where what you're saying is you can't sue the U.S., so the defense is trying to say you can't sue us, you can't sue anybody, and the defense is trying to say in this bizarre case, no judges, you should open up Admiralty jurisdiction to give these folks a cause of action against the United States. It's kind of an odd twist here. The defense is asking not to help your client, but to help clients in your client's situation in the future. Well, I must say that my underlying fervor in this entire action is to get guidance. There's no guidance in this country. But to address Your Honor, if we were to go down defendant's argument, then what they're doing is they're allowing judges to make law when we have an entire scheme with a lot of stare decisis, a lot of bright lines, a lot of definitions that already exist that can't be used. And so what happens is if we judicially allow that, then what's going to happen? They're going to, the jurists are going to ultimately have to go to the Civil Rights Act of 1964, et cetera, in order to get the guidelines to go forward. With all respect, I think it's Congress that should open it up. I see you're down to about 15 seconds or so. Do you want to reserve? Yes. Thank you very much. Judge Schroeder, anything? No. Good morning. Your Honor, it's Eric Coffman Cohen, U.S. Department of Justice. Could you pull the mic a little closer to you? Thank you. Eric Coffman Cohen on behalf of Robert Rogers, Your Honor. Thanks. The single question here before the court is whether or not the appellant's claims fall within admiralty. I'm in complete agreement with Mr. Burster on that. If the answer to that question is yes, then the court properly dismissed the action below because Mr. Burster and his clients sued the wrong party. And the way I say that is the way the complaint is couched and it's drafted, this is a complaint for wrongful termination. There are four causes of action pled for Mr. Abdullah Ali for wrongful termination. He also claims lost wages, claims some kind of damages for – some kind of actions for humiliation and anger, which may or may not be recoverable, but he needs to prove those damages. The crux here is jurisdiction. Once the courts decide there is an admiralty cause of action, then pursuant to the Suits and Admiralty Act, that action has to be brought exclusively against the United States. Returning to Abdullah Ali – Abdullah Ali's claims, Mr. Ali was a member of a ship owned by the United States Maritime Administration and which is part of the National Defense Reserve Fleet. As such, he's a member of a small minority of seamen. He's a Clarification Act seaman. A Clarification Act seaman, all claims arising from his employment aboard the vessel have to be brought through the Clarification Act. Other seamen out there don't have to deal with the Clarification Act, but Mr. Ali does because he's a Clarification Act seaman. The Clarification Act says claims for personal injury, wrongful conduct, lost wages, any of those causes of action or those claims must be brought pursuant to the Suits and Admiralty Act. What about discrimination? A discrimination claim, Your Honor – at the outset, I'd like to address Your Honor's question of whether or not the United States is asking the court to open up admiralty courts for discrimination claims, for racial discrimination claims. I'd have to say no. If this was purely a 1981-1983 case, I'm not well versed in the civil rights statutes. But if this was solely and exclusively a civil rights cause of action, he wasn't promoted to captain because of his race. He was paid less because of his race. Then no, there is no cause of action in admiralty for a purely, purely civil rights cause of action. Mr. Bursch is correct on that, and we're not asking the court to open up admiralty law to include those claims. But what the Suits and Admiralty Act says, if there is a cause of action in admiralty, any cause of action, any way that a seaman can get into an admiralty court, then that claim must be brought exclusively against the United States. We have two lower courts in this circuit that upheld wrongful termination claims based upon violation of public policies. Follow that and admiralty. That's the Greta v. Surf Fund Enterprises and the Seymour v. Lake Tahoe Cruises. But I'd like to point the court to a Fourth Circuit case, which wasn't in our brief, Your Honor. I'm sorry for that, of Mage v. Hartley Marine, and that's at 925F2nd at page 703. The Fourth Circuit recognized that there was a body of federal maritime jurisprudence relating to wrongful discharge. The Fourth Circuit recognized a body of law within admiralty that deals exclusively with wrongful termination, which are the four causes of action that the appellates have brought. Being that's the case, that's the hook. They opened the door to the admiralty courts. That being the case, it must, according to the Suits and Admiralty Act, be brought exclusively against the United States. And whether or not they have a remedy, a solely different issue, that has to be decided today. I'm not sure I understood you right. You say if they brought a pure racial discrimination case, I didn't get promoted because of my race. That they cannot bring. If it's purely 1981, 1983, purely he just pleads racial discrimination based upon ancestry, religion, or what. If it's purely that, no other terminations, no causes for wrongful termination, nothing for lost wages, nothing for personal injuries, anguish, anger, and the like. Then, yes, there are no – I don't understand. What kind of cause of action would that be? A civil rights cause of action. And what does he get? He gets money damages for that. That I don't know. I don't know what those damages are. I don't understand what you're saying. If he says I plead a 19 – if I plead a racial discrimination claim because I wasn't promoted, that's not an admiralty claim. But if he says I was wrongfully terminated because of my race, that is. Well, that – you have to parse it out. If he pleads wrongful termination like we have here, that's the jurisdictional hook to get him into admiralty. If he says wrongful promotion, that doesn't. It could possibly – I was wrongfully promoted. And if he just brings a claim for wrongful promotion or whatever, if it's a purely – in a hypothetical case, it was purely civil rights cases. It was a pure civil rights violation. Mr. Bursch was right. There are no admiralty causes. Give me an example of a pure civil rights violation. There's an African-American claimant, an African-American crew member, an Arabic crew member, and a white crew member. They all have the exact same training, exact same experience, all the same licenses. The only person that gets promoted to captain is the white guy because whoever does the promotion within the company says, I'm only going to promote this white person. Okay. How about suppose the only guy fired is the black guy? Then we'd have to look in to see what – if he's terminated, he can bring his wrongful termination claim. The remedies for that, whether it be civil rights or – his remedies would be separate. If it's just purely wrongful termination, I'm terminating you because you're African-Americans. I don't like African-Americans. Get off my ship. And he brings a purely civil rights action under it. We'd have to bring it under 1981, private party acting and depriving him of his civil rights. I don't know what you mean by a purely civil rights action. He's claiming he was fired because of his race. Is that a purely civil rights action? That would get into his remedies, Your Honor. What remedies does he have? Does he have remedies under the civil rights statutes, remedies under public policy, state law, or the like? But there isn't cause of action for wrongful termination recognized in Admiralty case in Admiralty law as the lower courts in this circuit have recognized and the courts in the Fourth Circuit have recognized and the Fifth Circuit in the Smith case. That's the jurisdiction hook. That's where the inquiry stops. As to his remedies, those are separate and apart. And whether or not he can get a remedy against the United States, that's of no import either. And I point the court to the Fifth Circuit's case of Martin v. Miller, which we cite in our brief, and it's footnote 4 on page 42 where the court says, of course, to say that one's remedy lies in a liable infrastructure against the United States is not to say that that remedy is to be the same or that damages are to be the same as in a comparable suit against a private party. It's well understood that sovereign immunity protects the United States from suit. The question of whether the United States has consented to suit is distinct from the question of whether the United States has rendered itself amenable to a particular remedy. The remedy issue comes later. We're only dealing now with the jurisdictional hook. Does Mr. Ali and does Mr. Muhammad Faisal Ali have causes of action in Admiralty? Yes, they do. Wrongful termination for Abdullah al-Khaim, breach of a contract for employment aboard a vessel, or breach of a collective bargaining agreement for Mr. Muhammad Faisal? Those are recognized in Admiralty. Contracts for employment aboard vessels are the oldest cases there are. Yes, Your Honor. Excuse me. I just wanted to make sure that I understand that your argument appears to depend on the fact that the defendants here have been sued as agents of the United States. Is that correct? Correct, Your Honor. Correct, Your Honor, and the suits in Admiralty says if there's a remedy in Admiralty, and if there's a remedy, the suit has to be brought against the United States exclusively, not the United States agent or the agent's employer. And that's the question the court has to answer. Is there an Admiralty cause of action for wrongful termination and for breach of contract for employment aboard a vessel? If the answer to that question is yes, then the inquiry stops. There's jurisdiction in Admiralty. The remedies and what remedies are available, that's another story. Just like privacy. Excuse me. Could the plaintiff have alleged here that the defendants were acting outside the scope of their agency? I assume in their defense, yes, but that goes to the merits of the case. We're just talking now the jurisdictional hook. No, I'm talking about how the case was pled. The case, as it is now, the case is pled as wrongful termination and breach of contract. That's the hook that gets you in the merit time. To the merits of the case, whether or not they're acting outside their scope or the like, that would come up in discovery. You do discovery, you litigate, you make your motions, you do your depositions, and that's what you find out. And then if it turns out it was outside the scope of their employment, I would assume the United States would argue that they were acting outside the scope of their contract for the operation of the ship. That's something that goes to the merits of the action, Your Honor, not whether or not there's a cause of action enamel to you. And I just want to point out to the court, private seamen do not have a right to sue for punitive damages if their maintenance and cure is wrongfully held. Your Honor, we serve. Thank you, Mr. Coffman-Cohen. Mr. Burschel, you have about a half a minute left. I'm going to ask you to stick to the time, please. This case was not pleaded in contract in any way, shape, or form. What damages are available is beside, what remedy is available is beside the point. Civil Rights Act often don't provide for anything but damage. And on page 19 of the opening brief. It wasn't pleaded in contract in any way, shape, or form. I'm looking at your second cause of action alleging collective bargaining agreement. All it alleges is that there was a contractual basis for these people to be together. It doesn't. Paragraph 40, at all relevant times, Mr. Rogers' conduct in causing the plaintiff to be terminated from employment aboard the subject vessel breached the contractual rights under the CBA. Yes, but the Civil Rights Act of 1964 is all about discrimination in contract. And there is, this case is not about somebody breaching a contract. This case is about people being selected out and being targeted because of their origin. Every commercial relationship is going to have a contract. Okay, I see we're out of time.
judges: Schroeder, Silverman, Garbis